

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0795-11

### WILTON LARRON MAHAFFEY, Appellant

### v.

### THE STATE OF TEXAS

### ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE TWELFTH COURT OF APPEALS
### HENDERSON COUNTY

KELLER, P.J., filed a dissenting opinion in which PRICE and KEASLER, JJ., joined.

The traffic sign in this case read, "lane ends, merge left." From this sign, we know that the right lane ended. If a person's lane ends, that person must change lanes to continue driving down the roadway. And changing lanes means he must signal. I agree with the court of appeals, which stated:

> When the right-hand lane ended, Appellant continued driving in the other southbound lane, previously the lane to his left, that had not ended. To reach that remaining lane, Appellant had to make a leftward lateral maneuver as he departed that lane for another.[1]

---

[1] *Mahaffey v. State*, NO. 12-08-00430-CR, 2011 Tex. App. LEXIS 1507, at 12 (March 2, 2011) (not designated for publication).

Because appellant's lane ended,[2] he was required to move into another lane, and he was required to signal before doing so. I would hold that the court of appeals correctly found that appellant executed a lane change without signaling.

I respectfully dissent.

Filed: April 25, 2012
Publish

---

[2] The "merge left" language on the sign does not mean that the lanes merge; it is an instruction to drivers in the right lane. Had the sign said "lanes merge," I would agree that no lane change occurred.